IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FARR FINANCIAL, INC., a California corporation, ) ) ) | |
| Plaintiff, ) ) | 07 C 4614 |
| v. ) ) | Judge Ronald A. Guzmán |
| SENTINEL MANAGEMENT GROUP, INC., an Illinois corporation, ) ) ) ) | |
| Defendant. ) ) | |
| ) | |
| VELOCITY FUTURES, L.P., a Texas partnership, ) ) ) | |
| Plaintiff-Intervenor, ) ) | |
| v. ) ) | |
| SENTINEL MANAGEMENT GROUP, INC., an Illinois corporation, ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

The case is before the Court on the motions for temporary restraining orders filed

by plaintiff, Farr Financial, Inc. and plaintiff-intervenor, Velocity Futures L.P. On August

17, 2007, the Court held a hearing on the motions at which Farr, Velocity, and defendant

Sentinel Management Group, Inc., as well as non-parties Vision Financial and FC Stone,

LLC, appeared. The Court received written submissions from all three parties and

entertained extensive oral argument. For the reasons set forth below, the Court grants the

motions.

## Discussion

Farr and Velocity seek an order barring Sentinel from selling to Citadel Investment Group or any other entity the assets they placed with Sentinel for management or taking any other action with respect to those assets. Such an order can issue only if Farr and Velocity show that: (1) they are threatened with irreparable harm; (2) they have no adequate remedy at law; (3) the harm they face outweighs the harm the injunction may cause to Sentinel; (4) Farr and Velocity have a reasonable likelihood of success on the merits; and (5) granting the injunction will not disserve the public interest. *Roland Mach. Co. v. Dresser Indus.*, 749 F.2d 380, 383 (7th Cir. 1984). These factors are measured on a sliding scale. *Id.* at 387. The greater the TRO applicant's likelihood of success, the less heavily need the balance of harms weigh in his favor and vice versa. *Id.*

Farr and Velocity have demonstrated a reasonable likelihood of success on the merits. The two companies have identical investment advisory agreements with Sentinel. (*See* Am. Compl., Ex. 1; Intervenor Compl., Ex. 1.) Paragraph three of those agreements states as follows:

> **Discretionary Authority.** Subject to any restrictions provided to Sentinel in writing, Sentinel shall have the sole power and discretion to direct the investment of the Assets on behalf of Client and at Client's sole risk until Sentinel receives written notice of termination by Client.

(*Id.* ¶ 3.) Moreover, paragraph four states:

> If Client deems any action by Sentinel in the supervision and direction of the investment of the Assets to be contrary to Client's written investment objectives or restrictions or otherwise inappropriate, Client shall give Sentinel prompt written notice of such.

(*Id.* ¶ 4.)

There is no dispute that on August 14 and 16, 2007, respectively, Farr and Velocity revoked Sentinel's authority to manage their investments. (*See* Am. Compl., Ex. 2, Letter from Farr to Sentinel of 8/14/07; Velocity Mot. TRO, Ex. F, Letter from Earnest to Sentinel of 8/16/07.) Despite those written directives, Sentinel entered into an agreement with Citadel Investment Group to sell, among others, Farr and Velocity's assets at a ten to fifteen percent discount. Given the language of the agreement and the evidence offered by the parties, the Court finds that Farr and Velocity have a reasonable likelihood of success on the merits of their claims

Farr and Velocity have also demonstrated that the proposed sale of their assets to Citadel would cause them irreparable injury for which there is no adequate remedy at law. Farr and Velocity are both Futures Commission Merchants ("FCMs"), that "accept[] customer funds for the purposes of financing the trading of commodity futures contracts." (Am. Compl. ¶ 5; Intervenor Compl. ¶ 5.) Farr and Velocity do not clear their customers' trades, but have clearing arrangements with other FCMS that are members of, and authorized to clear trades at, one or more of the exchanges. (*Id.* ¶ 7.) These clearing arrangements require Farr and Velocity to have sufficient available cash to finance their customers' investment positions and trades. (*Id.* ¶ 8.) Further, the Commodities Futures Trading Commission ("CFTC") requires Farr and Velocity to maintain a certain amount of net capital to maintain their status as FCMs. *See* 17 C.F.R. § 1.17.

If Sentinel proceeds with the sale, Farr and Velocity will suffer losses that will render them unable to cover their customers' investment positions and meet the capital requirements of the CFTC. (Velocity Mot. TRO, Ex. A, Earnest Aff. ¶ 12; Hr'g Tr. of 8/17/07.) The harm such a sale poses to Farr and Velocity – the loss of their reputations

with both their customers and clearing FCMs, indeed the loss of their ability to conduct business at all – is irreparable. *See Menominee Rubber Co. v. Gould, Inc.*, 657 F.2d 164, 167 (7th Cir. 1981) ("The loss of goodwill and the disruption of [plaintiff's] business resulting from its termination is substantial and sufficient to constitute 'irreparable harm.'")

Moreover, the potential harm the sale poses to Farr and Velocity far outweighs the harm a freeze order poses for Sentinel. Though Sentinel argued that an order freezing the assets of these two companies will impair its ability to sell its assets, it offered no affidavit or other evidence to support that assertion. Standing alone, Sentinel's bald assertion is entitled to little credit.

The Court also considered the public interest in this matter. Presumably, Sentinel investors who need liquidity at any cost would favor the Citadel sale. On the other hand, those who value investment return more highly than liquidity would likely oppose the sale. Unfortunately, the parties offered no evidence to substantiate these or any other speculations about the proposed order's economic impact on third parties. It is clear, however, that the public has an interest in the enforcement of valid contracts. Thus, the Court finds that entry of the order will serve, rather than harm, the public interest. *See Brown & Brown, Inc. v. Ali*, No. 07 C 2893, 2007 WL 1953374, at *9 (N.D. Ill. June 25, 2007) ("Courts in this District have recognized that the public interest is served by enforcing valid contracts." ).

In short, the Court finds that Farr and Velocity have satisfied the requisites for issuance of a temporary restraining order. That leaves the issue of bond. The parties submitted no evidence on the amount of bond that is appropriate in this case. As a result, the Court orders Farr and Velocity each to post a bond in the amount of $50,000.00 by the

4

close of business on Monday, August 20, 2007. *See Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972) (stating that "the amount of the security rests within the discretion of the district judge"). The Court will reconsider the bond issue, if and when the parties submit evidence as to the appropriate amount.

## Conclusion

It is hereby ordered that as of Friday, August 17 at 3:20 p.m., Sentinel, its officers, agents, servants, employees, attorneys and those persons or entities in active concert or participation with Sentinel, including but not limited to Citadel Investment Group, who receive actual notice of this Order, is enjoined from transferring, selling, assigning, encumbering, pledging, dissipating, concealing or otherwise exchanging in any manner any interest in Farr Financial and Velocity Futures L.P.'s funds, assets or other property placed with Sentinel pursuant to Farr Financial and Velocity Futures L.P.'s Investment Advisory Agreements with Sentinel. This temporary restraining order shall remain in effect until Friday, August 31, 2007 at 3:20 p.m.

**SO ORDERED.**                              **ENTERED:**   8/17/07

HON. RONALD A. GUZMAN
United States District Judge